UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
**Michelle Labayen**
**Law Office of Michelle Labayen PC**
**One Gateway Center**
**26th floor**
**Newark, NJ 07102**
**973-622-8180**

In Re

JEFFREY JOHNSON
        debtor.

Case No.: 17-28638

Adv. No.:

Hearing Date: November 7, 2017

Judge: Ferguson

### OPPOSITION TO CREDITOR'S REQUEST FOR RELIEF FROM AUTOMATIC STAY FOR THE PROPERTY LOCATED AT 22 DAISY COURT SAYREVILLE NJ 08872

**NOW COMES** the above-named debtor, by and through her attorney of record, Michelle Labayen, respectfully objects pursuant to 11 U.S.C§ 362(d)(1) and §362 (d)(2) to Lifting the Stay on 22 Daisy Court Sayreville, NJ 08872 (hereinafter the "property") and in support respectfully show unto the Court that the Creditor has not provided a *prima facie* case to show "cause" and /or lack of equity.

### JURISDICTION

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1) and 157 (b)(2)(G).

### BACKGROUND

Jeffrey Johnson (hereinafter the "debtor") owns the property and resides in the property with his family. The debtor may qualify for a loan modification based on his debt to income ratio and change of circumstances. US Bank National Association as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE4 (hereinafter US Bank) has failed to provide an appraisal of the property to verify the value of the property or the correct assessment of debtor's equity. US Bank has charged the debtor with the BPO therefore US Bank should attach the appraisal with their motion. Additionally, the motion is not ripe. The motion was filed (1) before the debtor attended his 341, (2) before the examination by the trustee (3) before a thorough review by the trustee can be conducted (4) before a report of abandonment is considered by the trustee and (5) before the opportunity for the debtor to apply to the court's loss mitigation program. (See. Second Amendment General Order adopting Loss

Mitigation Program and Procedure (LPM) Section V Commencement of Loss Mitigation).

DISCUSSION

The filing of a bankruptcy petition under any chapter of the Bankruptcy Code triggers a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C.§§ 362(a)(3), (a)(6). The automatic stay is a fundamental debtor protection designed to promote equal treatment among creditors and to provide the debtor with a breathing spell from the financial pressures which drove the debtor into bankruptcy. Eastern Refractories Co. v. Forty-Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir. 1998). Notwithstanding this statutory protection, the court may modify the automatic stay for cause, including lack of adequate protection. 11 U.S.C.§ 362(d)(1).

Under 11 U.S.C. § 362(d)(1), the bankruptcy court "shall" lift the automatic stay for "cause". Under this provision, the moving party must make an initial showing of cause and upon such a showing, the burden of proof shifts to the party opposing the lift stay motion. See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2nd Cir. 1990). Once a prima facie showing of cause is proffered by a creditor seeking relief from the automatic stay, the burden of proof as to whether the automatic stay shall be continued falls upon the debtor. See 11 U.S.C. § 362(g)(2). While the term "cause" is not defined in the Bankruptcy Code and the legislative history sheds little light on its meaning, it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1). See, e.g., Ellis v. Parr (In re Ellis), 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985) (affirming bankruptcy Judge's determination that failure to make post-petition payments constitutes cause for terminating stay in a Chapter 13 case); Equitable Life Assurance Soc'y v. James River Assocs. (In re James River Assocs.), 148 B.R. 790, 797 (E.D. VA. 1992) (holding that continued failure to make monthly payments under loan documents in a Chapter 11 case constitutes cause for granting relief from automatic stay); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986) (holding that failure to make post-petition mortgage payments warranted lifting the automatic stay in a Chapter 13 case). Where such a prima facie case has not been made, the court should deny relief. In re Sonnax Industries, Inc., 907 F.2d at 1285.

Grounds for Relief from the Automatic Stay – Section 362(d)(1)

Section 362(d)(1) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .." 11 U.S.C. § 362(d)(1). Section 362 of the Bankruptcy Code does not describe the boundaries of "adequate protection," but Section 361 provides examples of what may

constitute adequate protection. 11 U.S.C. § 361. *See* In re P.J. Clarke's Restaurant Corp.; 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001). These examples include "periodic cash payments" to protect against any decrease in the value of a party's interest in property. 11 U.S.C. § 361(1). Several courts have held that "a Landlord's right to timely payment of post-petition rent is an interest in property entitled to adequate protection." In re P.J. Clarke's Restaurant Corp., 265 B.R. at 404(citing cases). *See* Oligbo v. Louis (In re Oligbo), 328 B.R. 619, 651 (Bankr. E.D.N.Y. 2005).

Grounds for Relief from the Automatic Stay – Section 362(d)(2)

Section 362(d)(2) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization . . .." 11 U.S.C. § 362(d)(2). Both elements of Section 362(d)(2) must be satisfied in order for the court to grant relief from the automatic stay. *See* Pegasus Agency, Inc. Grammatikakis (In re Pegasus Agency, Inc.), 101 F.3d 882, 886 (2d Cir. 1996); 3 COLLIER ONBANKRUPTCY ¶ 362.07[4] (15th ed. rev. 2007). And the Supreme Court has held that property is only necessary to an effective reorganization where there is a "reasonable prospect for a successful rehabilitation within a reasonable time." United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 376 (1988) (quotation omitted). The Supreme Court further stated that "[w]hat [Section 362(d)(2)(B)] requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect." Timbers, 484 U.S. at475-76 (emphasis in the original).

In this case, the Creditor has not established a *Prima facie* case to establish "cause". The Creditor has NOT provided an appraisal and has failed to attach proof of additional claims which reduces the debtor's equity interest.  Without proof of the value of the property, the Creditor fails to satisfy the requirements for lifting the automatic stay. (Powanda, Renee 13-18623 ECF NO.8 Order Denying Motion for Relief from Stay 32 Dupont Avenue, Judge Lyons).  Additionally, US Bank  is attempting to preempt the ability for the Trustee to properly administer the case and prevent the debtor from using this court's loss mitigation program.

Loss Mitigation Program's Purpose:

As provided by Notice to the Bar and the Public:

"Effective August 1, 2011, the Board of Bankruptcy Judges for the United States Bankruptcy Court for the District of New Jersey approved a *General Order Adopting Loss Mitigation Program and Procedures (LMP), Pending Adoption of a Local Rule.*

The Board has determined that a uniform, comprehensive, court-supervised loss mitigation program will facilitate consensual resolutions for individual debtors whose residential real property is at risk of loss to foreclosure. A loss mitigation program will avoid the need for various types of bankruptcy litigation, reduce costs to debtors and secured creditors, and enable debtors to reorganize or otherwise address their most significant debts and assets under the United States Bankruptcy Code."

WHEREFORE, the Debtor respectfully requests for this Court to DENY the Creditors motion to Lift the Automatic Stay.

October 19, 2017

Newark, NJ                                    /s/ Michelle Labayen
                                              Michelle Labayen 2960
                                              Law Office of Michelle Labayen PC
                                              24 Commerce Street suite 530
                                              Newark NJ 07102